IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JENNIFER ANN PAYNE,**<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>**GEORGE RUNNER,**<br><br>　　　　　　　　　　Respondent. | Case No. 1:16-cv-00072 MJS (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**<br><br>**AMENDED PETITION DUE WITHIN THIRTY (30) DAYS** |

  Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

  Petitioner filed the instant petition for writ of habeas corpus on January 15, 2016. (Pet., ECF No. 1.) Petitioner sets forth that she is currently confined in the Fresno County Jail. However the Court is unable to discern her legal challenges, if any, to her pending criminal charges or criminal convictions. (Id.)

1

I. **DISCUSSION**

A. **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. **Petitioner's Claims**

Petitioner presents two claims in her petition. Both claims are lengthy, and essentially unintelligible. For example, claim two begins:

> East Avenue or street near Belgravia CAROL 10/2 water resistant MSHA near 996.9 switch X & hand dryer @ Tahachi palace. Bowling balls HTC 101 Fresno Unified "ME s/w playground of Kerman Floyd Elementary starring at invisible bubbles." Doctor no relation to Doctor J-178R08/02 "OR NOT" 24/7 urgent care clinic statement or line comment "tell them no longer chicken noodle turkey soup… speedrail" as he wiped his eye…

(Pet. at 6, ECF No. 1.)

The Court finds that Petitioner's statements are incoherent and therefore prevent Respondent from properly responding to Petitioner's claims. The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases. Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). This is because the purpose of the

rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition. Mayle, 545 U.S. at 655. Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Petitioner does not specify the conviction she is challenging or what federal law she feels was violated by Respondent. Without more, Respondent cannot reasonably be expected to respond to Petitioner's claims. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Accordingly, the Court shall provide Petitioner another opportunity to state her claims in an amended petition. The Court shall provide Petitioner a blank petition for writ of habeas corpus, and Petitioner is advised that she must reference the instant case number and designate her petition as an "Amended Petition." Petitioner must present her claims in sufficient detail as to provide Respondent the ability to comprehend and respond with reasonable effort.

## II. ORDER

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for Petitioner's filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that her failure to comply with this order may result in a

Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: January 23, 2016         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

4